United States District Court
Southern District of Texas
FILED

MAY 2 2 2007

Michael N. Milby, Clerk

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## McALLEN DIVISION

| | | |
|---|---|---|
| RAUL CERDA AND | § | |
| MARIA G. CERDA, | § | |
| **Plaintiffs** | § | |
| | § | CIVIL ACTION NO. 7:03-CV-00146 |
| v. | § | |
| | § | |
| ASSOCIATES FIRST CAPITAL | § | |
| CORPORATION | § | |
| **Defendant** | § | |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

Pursuant to the Court's September 28, 2006 Preliminary Approval Order (the "Preliminary Order") a fairness and final approval hearing was commenced on January 30, 2007, to determine whether the settlement (the "Proposed Settlement") as set forth in the Settlement Stipulation (the "Settlement Stipulation") dated August 5, 2005 (which is attached hereto as Exhibit "A") by and between Plaintiffs Raul Cerda and Maria Cerda ("Plaintiffs"), individually and on behalf of the proposed Class, and Defendant Associates First Capital Corporation ("Defendant") is fair and reasonable and should be approved as being in the best interests of the Class, and on May 16, 2007 the Court heard additional evidence and arguments with regard to the Proposed Settlement.

The Court finds that the notice of the Proposed Settlement has been given to all prospective members of the Class as directed by the Preliminary Order and proof of notice has been filed with the Court, and the Court finds that in accordance with the Court's March 27, 2007 Order on Communications With Class Members, the Claims Administrator sent a letter to all members of the Class who had not yet returned a proof of claim form to remind the members of the Class of the need to timely return the proof of claim form.

The Court further finds that all persons present or represented at the hearing, who were entitled to be heard pursuant to such notice, have been given an opportunity to be heard, and that counsel for the parties appeared in support of the Proposed Settlement.

Counsel for the Class have represented to the Court that in their opinion the Proposed Settlement is fair and reasonable and in the best interests of the Class, and the Court having considered all affidavits and other evidence filed in support of the Proposed Settlement, and all matters raised at the hearing, and all other papers and documents comprising the record herein, and all oral arguments presented to the Court, finds that the following Order should be entered:

IT IS HEREBY ORDERED THAT:

1.    The Court has jurisdiction over the subject matter of this action (the "Action") and over all parties to the Action, including all members of the Class as that term is defined herein.



2.    The Proposed Settlement and the Settlement Stipulation are approved.~~as fair and reasonable and in the best interests of the Class.~~

3.    The Action may be maintained as a class action.

4.    The following Class is certified:

> The Texas wide settlement class includes all persons (1) who purchased real property in Texas by a contract for deed which satisfies the requirements of the Texas Property Code §5.062, (2) who paid the contract in full on or after 08/01/01 and (3) who did not receive a transfer of legal title to the property within 30 days of final payment except that the class does not include members of the settlement class in the case styled <u>Beatrice Castillo, Individually and on Behalf of Others Similarly Situated, et al. v. Associates First Capital Mortgage Corporation, et al.</u>; Cause No. 02-669-H, or persons who have released any claims against Defendant for a failure to timely transfer legal title.

5.    The Plaintiffs and Plaintiffs' Counsel fairly and adequately represent the interests of the Class and satisfy the requirements to be representative of and counsel to the Class.

6.      Notice provided to members of the Class pursuant to the Preliminary Order constitutes full and adequate notice and is in full compliance with the requirements of Federal Rules of Civil Procedure Rule 23 and due process of law.

7.      Except as modified by the Court's Order on Communications with Class Members or by this Final Judgment and Order of Dismissal, the Proposed Settlement should be implemented and consummated in accordance with the definitions and terms of the Settlement Stipulation, which are hereby incorporated in this Final Judgment and Order of Dismissal.

8.      Within ten (10) days following the Effective Date, as that term is defined in the Settlement Stipulation, the Claims Administrator (as that term is defined in the Settlement Stipulation) shall send a letter in the form attached hereto as Exhibit "B" to all members of the Class who as of that date have not yet returned a proof of claim form.  The letter shall be sent to the last known address of such members of the Class in both English and Spanish advising such members of the Class of the deadline for the return of the proof of claim form.

9.      It is further ordered that during the forty-five (45) day period following the date of this Final Judgment and Order of Dismissal, the Claims Administrator shall complete its current ~~mailing~~ *locating* efforts with respect to members of the Class who have not yet returned proof of claim forms and shall continue its efforts to contact such class members by telephone until such time as the Claims Administrator has either spoken with the member of the Class regarding the proof of claim form or determined that all telephone numbers the Claim Administrator has for such member of the Class are invalid.

10.     The formula for the payments to the persons within the Class who timely submit Qualified Claims is set forth in the Settlement Stipulation.

**FINAL JUDGMENT AND ORDER OF DISMISSAL**                                      **Page 3**

11.    The Action is dismissed on the merits and with prejudice against Plaintiffs and all members of the Class who have not validly and timely requested exclusions by the deadline established by the Court in the preliminary Approval Order.

12.    Plaintiffs Raul Cerda and Maria Cerda and all members of the Class, on behalf of themselves and any of their respective agents, successors, heirs or assigns, for good and sufficient consideration, the receipt of which is hereby acknowledged, shall be deemed to have released and forever discharged Defendant and all Related Parties (as that term is defined in the Settlement Stipulation) from all Claims including Unknown Claims described in the Settlement Stipulation.

13.    Plaintiffs Raul Cerda and Maria Cerda and all members of the Class are permanently barred and enjoined from asserting, commencing, prosecuting or continuing the Released Claims, or any of them, against the Released Parties, or any of them.

14.    Any and all objections to the settlement and Settlement Stipulation are overruled.

15.    It is hereby expressly determined that there is no just reason for delay and the entry of this Judgment is hereby directed.

16.    This Final Judgment and Order of Dismissal is final for purposes of appeal and may be appealed, and the Clerk is hereby directed to enter judgment thereon.

17.    Without affecting finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over the action until the settlement has been consummated and each and every act agreed to be performed by the parties has been performed pursuant to the Settlement Stipulation and continuing jurisdiction over all parties to the action and the Settlement Class in accordance with the procedure set forth in the Settlement Stipulation for the purpose of enforcing and administering the Settlement Stipulation and this Final Judgment.

**FINAL JUDGMENT AND ORDER OF DISMISSAL**                                                    **Page 4**

18.    The Court, after having considered Plaintiffs' Counsel's Application for An Award of Attorneys' Fees and Expenses, finds that Plaintiffs' Counsel is entitled to recover attorneys' fees and expenses. ~~[text struck through]~~

~~[text struck through]~~

~~[text struck through]~~

~~[text struck through]~~

~~[text struck through]~~

~~[text struck through]~~

~~[text struck through]~~

~~[text struck through]~~. The Court further finds

that the fee requested by Plaintiffs' Counsel ~~is~~ *shall be* awarded *to the extent stated herein.* ~~[text struck through]~~

~~[text struck through]~~. Additionally the Court finds and holds that the expenses for which Plaintiffs' Counsel seeks reimbursement ~~[text struck through]~~ *shall be* ~~not~~ awarded *to the extent stated herein.* ~~[text struck through]~~. Based on the foregoing, the Court finds and holds that Plaintiffs' Counsel is entitled to an award of attorneys' fees and expenses in the amount of $850,263.17 to be paid by Associates by the deadline established in the Settlement Stipulation.

All other relief requested herein which is not specifically granted is hereby denied.

Signed this *22nd* day of May, 2007 *at M⁰ Allen, Texas .*

_____
Hon. Judge Ricardo Hinojosa,
U.S. District Judge

## SETTLEMENT STIPULATION

Subject to approval of the Court and to the other terms and conditions set forth herein, this Settlement Stipulation is made and entered by and among Plaintiffs Raul Cerda and Maria G. Cerda (collectively, "Plaintiffs"), on behalf of themselves and each Settlement Class Member and the Associates First Capital Corporation (the "Settling Defendant"). This Settlement Stipulation is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## RECITALS

A.      On or about June 13, 2003, Plaintiffs filed a putative class action styled *Jose Torres, et al vs. Associates First Capital Corporation*, in the United States District Court Southern District of Texas McAllen Division, Civil Action No. M-03-146 (the "Litigation"), against the Settling Defendant for claims alleging the Settling Defendant violated the Texas Property Code and breached contracts with Plaintiffs based on the Settling Defendant's alleged failure to timely transfer recorded legal title to Plaintiffs' respective properties following Plaintiffs' payment in full of the respective contracts for deed.

B.      The Plaintiffs and the Settling Defendant (collectively, the "Parties") have investigated the facts and applicable law, have engaged in extensive arms-length negotiations, and participated in mediation sessions before Honorable Robert M. Parker (Ret.).

C.      Plaintiffs and Plaintiffs' Counsel believe that the claims asserted in the Litigation have merit and were brought in good faith, and that the information obtained by Plaintiffs' Counsel supports the claims asserted. However, Plaintiffs and Plaintiffs' Counsel recognize that there are significant risks, uncertainty and expense in proceeding with the Litigation through trial and through any appeals.      Plaintiffs and Plaintiffs' Counsel believe that, under the present circumstances of the Litigation, the settlement set forth in this Settlement Stipulation confers substantial benefits upon the Settlement Class.      Based upon their evaluation, Plaintiffs and Plaintiffs' Counsel have determined that the settlement is in the best interests of the Settlement Class, subject to the terms and conditions hereinafter set forth.

D.      Settling Defendant has denied and continues to deny each and every claim and contention alleged by Plaintiffs in the Litigation, including all claims concerning Settling Defendant's conduct, as well as the contention that such conduct constitutes or gives rise to legal liability.  The Settling Defendant denies that Plaintiffs claims could be maintained as a class action through trial. Settling Defendant also denies, *inter alia*, the allegations that Plaintiffs or Settlement Class Members have suffered any uncompensated injury as a result of the alleged conduct and the Settling Defendant asserts that the statutes on which Plaintiffs' claims are based are unenforceable, unconstitutional and inapplicable.

E.      There has been no determination by any court as to the factual allegations made against Settling Defendant.  Nonetheless, Settling Defendant wishes to settle and compromise the Litigation to avoid further substantial expense, uncertainty, inherent risk and the inconvenience and distraction of protracted and burdensome litigation without conceding any arguments of defenses it has asserted or it could assert in the Litigation.



EXHIBIT

A

F.      The Parties intend to resolve the Litigation and settle all claims asserted therein by the Plaintiffs and the Settlement Class Members in accordance with the terms and conditions set forth in this Stipulation.

## TERMS OF SETTLEMENT STIPULATION

In consideration of the mutual covenants contained herein and other valuable consideration as described herein, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and on behalf of Settlement Class Members) and Settling Defendant that, subject to the conditions set forth herein, hereby agree as follows:

## 1.   DEFINITIONS

As used throughout this Settlement Stipulation, the following terms shall have the meanings specified below:

**"Litigation"** means only those claims brought by Plaintiffs' RAUL CERDA & MARIA G. CERDA pursuant to the Texas Property Code §5.062 and defenses asserted in the putative class action styled *Jose Torres, et al vs. Associates First Capital Corporation*, the United States District Court Southern District of Texas McAllen Division, Civil Action No. M-03-146.

**"Stipulation"** or **"Settlement Stipulation"** means this settlement stipulation by and among the Parties.

**"Claimant"** means any Person(s) who timely submits a properly completed Proof of Claim Form provided, however, that there shall be only one settlement payment per contract for deed regardless of the number of Persons who are purchasers under the contract for deed or who submit a Proof of Claim Form for the contract.

**"Claims Administrator"** means a qualified entity mutually selected by the Parties, or if no agreement can be reached, designated by the Court, that is charged with mailing the Class Notice, receiving and administering claims by Settlement Class Members and distributing settlement payments.

**"Class Notice"** means the Court-approved notice of this Settlement Stipulation in substantially the form attached hereto as Exhibit "A."

**"Class Notice Date"** means the date on which the mailing of the Class Notice shall be completed in accordance with Paragraph 4.1 below.

**"Castillo Settlement Class"** means all persons who were part of the settlement class in the case styled *Beatrice Castillo, Individually and on Behalf of Others Similarly Situated, et al. v. Associates First Capital Mortgage Corporation, et al.*, and numbered 02-669-H which was pending in the 214th Judicial District Court of Nueces County, Texas.

**"Court"** means the United States District Court Southern District of Texas McAllen Division, or any other Court to which this Litigation may be assigned.

**"Complaint"** means the last Amended Complaint, filed in *Jose Torres, et al vs. Associates First Capital Corporation*, the United States District Court Southern District of Texas McAllen Division, Civil Action No. M-03-146.

**"Costs of Notice and Administration"** means costs and expenses reasonably and actually incurred in connection with providing Class Notice, processing Proof of Claim Forms, administering and distributing any payments to Settlement Class Members, and paying fees and costs associated therewith.

**"Defendant"** or **"Settling Defendant"** means Associates First Capital Corporation.

**"Defendant's Counsel"** means ATLAS & HALL. L.L.P., P. O. Box 3725, McAllen, Texas 78502, attention Mike Mills, WINSTEAD SECHREST & MINICK P.C., 5400 Renaissance Tower, 1201 Elm Street, Dallas, Texas 75270, attention Brian T. Morris, and HANKINSON & WHITAKER, 2305 Cedar Springs Rd., Suite 230, Dallas, Texas 75201, attention Deborah G. Hankinson.

**"Effective Date"** means the first business day after all of the events and conditions specified in Paragraph 11.1 of this Settlement Stipulation have been met and have occurred.

**"Fee and Expense Payment"** means the payment for attorneys' fees, expenses and costs, as provided for in accordance with Paragraph 10 of this Settlement Stipulation.

**"Final"** means (i) thirty (30) days after the date of mailing of the notice of entry of Judgment, if no notice of appeal has been filed and no other review or challenge has been sought (including, but not limited to a motion for new trial, motion to modify the judgment, or any motion to reconsider, alter or amend the judgment); or (ii) if any appeal is taken, or any reargument or other form of review is sought, the date on which the Judgment shall have been affirmed in all respects and the time for any further appeal, reargument or other form of review shall have expired.

**"Judgment"** means the judgment to be rendered by the United States District Court Southern District of Texas McAllen Division, in the Litigation in the form attached hereto as Exhibit "B."

**"Mediator"** means the Honorable Robert M. Parker (Ret.)

**"Parties"** means, collectively, Settling Defendant and Plaintiffs RAUL CERDA & MARIA G. CERDA (on behalf of themselves and Settlement Class Members) (individually, a "Party").

**"Person"** means an individual, and their spouses, heirs, predecessors, successors, representatives or assignees.

**"Plaintiff"** means RAUL CERDA and MARIA G. CERDA.

**"Plaintiffs' Counsel"** or **"Class Counsel"** means counsel for all Plaintiffs and Settlement Class Members, including Law Office of J. Mitchell Clark, 1800 Frost Bank Plaza, 802 North

Carancahua, Corpus Christi, Texas 78470-0700, attention J. Mitchell Clark LAW OFFICE OF DALINDA B. GARCIA, A Professional Corporation, 709 E. Esperanza, Suite J, McAllen, Texas 78501, attention Dalinda B. Garcia, , and THE LEE FIRM, A Professional Corporation, 615 N. Upper Broadway, Suite 708, Corpus Christi, Texas 78477, attention Michael S. Lee.

**"Preliminary Approval"** means the entry of the Notice Order more particularly described in Paragraph 2 of this Settlement Stipulation.

**"Preliminary Approval Date"** means the date the Notice Order is entered.

**"Qualified Claim"** means a claim timely submitted in the form approved by the Court and which establishes that the Claimant is entitled to receive compensation pursuant to the terms of this Settlement Stipulation.

**"Related Persons and Entities"** means any and all past, present and future parent companies, subsidiaries, divisions, subdivisions, affiliates, related corporations, limited liability companies and other entities, general partners, limited partners, partnerships, partners, joint ventures, shareholders, investors, owners, directors, officers, employees, attorneys, experts, consultants, predecessors, insurance carriers, successors, heirs, administrators, executors, trusts, trustees, fiduciaries, beneficiaries, creditors, assigns, agents and representatives of the Settling Defendant.

**"Released Persons"** means Settling Defendant and its Related Persons and Entities.

**"Request for Exclusion"** means the notice that must be timely sent to the Claims Administrator if a Person wishes to exclude himself or herself from participation in the Settlement Stipulation.

**"Settlement Class"** means all persons (1) who purchased real property in Texas by a contract for deed which satisfies the requirements of the Texas Property Code §5.062, (2) who paid the contract in full on or after 08/01/01, and (3) who did not receive a transfer of legal title to the property subject to the contract for deed within 30 days of the final payment except that the Settlement Class does not include members of the Castillo Settlement Class or other persons who have released any claims against the Settling Defendant for a failure to transfer legal title.

**"Settlement Class Member"** means a Person who may fall within the definition of the Settlement Class as set forth above, who has been sent a Class Notice and who has not timely requested exclusion from the Settlement Class.

## 2.     NOTICE ORDER AND PRELIMINARY COURT APPROVAL

Upon execution of this Settlement Stipulation, the Parties shall jointly apply to the Court for entry of an order (the "Notice Order") in the form of Exhibit "C" attached hereto. The Notice Order shall provide for the following:

(a)     preliminary approval of the settlement set forth in this Settlement Stipulation;

- 4 -

(b)    preliminary certification of the Litigation as a class action and of the Settlement Class, for settlement purposes only;

(c)    approval of the form of the Class Notice (in substantially the form attached hereto as Exhibit "A"), in the manner set forth in the Notice Order;

(d)    approval of the Proof of Claim Form in the form attached hereto as Exhibit "D";

(e)    direction that the Claims Administrator or their designee, mail or cause to be mailed by United States Postal Service First Class Mail, postage prepaid, on or before the date specified in the Notice Order, the Class Notice and the Proof of Claim Form to those Persons believed to be in the Settlement Class for whom Settling Defendants have a last known mailing address;

(f)    setting a date for a hearing to consider final approval of the Settlement Stipulation (the "Settlement Hearing"), at which the Court will consider approval of all terms of the Settlement Stipulation as set forth herein and order the entry of Judgment (in the form attached hereto as Exhibit "B");

(g)    setting a deadline for any Persons who receives the Class Notice and who does not wish to be part of the Settlement Class to timely submit a properly completed request to be excluded as described in the Class Notice (i.e., a "Request for Exclusion"), in accordance with Paragraph 5 herein;

(h)    determination that the Notice constitutes valid, due and sufficient notice to all Persons who may be in the Settlement Class, complying fully with the Constitution of the United States and any other applicable law; and

(i)    determination that, pending final determination of whether the settlement contained in the Settlement Stipulation should be approved, neither Plaintiffs nor any Settlement Class Member, either directly, representatively or in any other capacity, shall commence or prosecute, nor cause to be commenced or prosecuted, any action or proceeding in any court or tribunal asserting any of the Released Claims against Settling Defendant, unless such Person shall have sought and received leave from the Court on such terms as are just, including, without limitation, being required to file a Request for Exclusion from the Settlement Class.

## 3.    <u>INVESTIGATION AND DISCOVERY</u>

Plaintiffs' Counsel and Defendant's Counsel assert that they have conducted sufficient discovery and investigation of this matter to fully evaluate the merits of the claims asserted by Plaintiffs in the Litigation.

## 4.    <u>NOTICE TO THE CLASS</u>

4.1    If the Notice Order is entered by the Court, the Class Notice shall be disseminated by the Claims Administrator to known Persons believed to be within the Settlement Class in the

form and manner approved by the Court. The Parties herein agree that an appropriate method of notice is to mail the Class Notice by first-class postage prepaid to the last known address for each known Person believed to be within the Settlement Class, provided, however, that if there is more than one purchaser under a single contract for deed, all of whom have the same address, one Class Notice addressed to all purchasers at the address shall be sufficient. The mailing of the Class Notice shall be completed by the "Class Notice Date," which is defined as the latter of: (i) the date that is no earlier than thirty (30) days after the entry of the Notice Order, if such order is entered; or (ii) any subsequent date agreed to by the Parties and approved by the Court.

    4.2    The Class Notice shall include a Proof of Claim Form that is substantially identical to the form attached hereto as Exhibit "D." The Notice shall advise the recipients of the amount each recipient may receive under the Settlement and advise the recipient of the deadline for requesting exclusion from the Settlement Class, the date of the Settlement Hearing and the deadline for objections to the Settlement, and direct that any recipient seeking cash benefits pursuant to this Settlement Stipulation must complete, sign and return the Proof of Claim Form to the Claims Administrator on or before the date that is seventy-five (75) days from the Effective Date.

    4.3    The Settling Defendants shall pay for the Costs of Notice and Administration.

## 5.    <u>OPT-OUT PROCEDURE</u>

    5.1    A Person who receives the Class Notice and who does not desire to participate in this Settlement Stipulation may opt-out of the Settlement Class by advising the Claims Administrator in writing within thirty (30) days of the Class Notice Date. Persons who receive the Class Notice who do not exclude themselves by the timely completion and mailing of an opt-out letter (as determined by the date of postmark) shall be deemed to be Settlement Class Members and be bound by the terms and conditions of this Settlement Stipulation and the Court's final approval order, once entered. If there are multiple purchasers under a contract and any one of the purchasers opts out of this Settlement Stipulation, then all other purchasers under that contract for deed shall also be deemed to have opted out, and none shall be entitled to any payment under this Settlement Stipulation.

    5.2    A Person who timely complies with the exclusion procedures set forth herein shall be returned to the position he or she occupied before the Preliminary Approval Date, shall be ineligible for any benefits of this Settlement Stipulation or membership in the Settlement Class, and shall have no standing to object to or otherwise be heard by the Court and/or on appeal with respect to any aspect of this Settlement Stipulation.

    5.3    Settling Defendant may rescind this agreement if (1) Plaintiffs or Settling Defendant learn of additional potential class members who, based on the formulas set forth herein are entitled to an aggregate settlement payment equal to or in excess of $1,100,000.00 or (2) prospective members of the Settlement Class who would otherwise be entitled under the formulas set forth above to an aggregate settlement payment amount equal to or in excess of $1,100,000.00 elect to opt out. The decision to exercise the option upon the occurrence of either of the conditions described in the foregoing sentence shall be within the sole discretion of Settling Defendant. If Settling Defendant elects to terminate the settlement, it shall do so by providing notice to counsel

for Plaintiffs and the Court in writing at least fourteen (14) days prior to the final hearing provided, however, that such deadline shall not be less than thirty (30) days following the deadline for opt outs established in Paragraph 5.1 above.

## 6.   FINAL COURT APPROVAL

At a date convenient to the Court more than seventy five (75) days after the Class Notice Date, the Court will conduct the Settlement Hearing, and if the Court so determines, thereafter enter a Final Judgment approving this Settlement Stipulation and directing that the Litigation and all claims which were or could have been asserted in the Litigation (except for any opt-outs' claims) are dismissed with prejudice.

## 7.   CLAIMS ADMINISTRATION

7.1     The Claims Administrator shall be a qualified third party entity mutually selected by Plaintiffs' Counsel and the Settling Defendant. If the Parties are unable to agree upon a Claims Administrator, the matter will be submitted to the Mediator for mediation, and if the Parties cannot agree upon a Claims Administrator in mediation, one will be appointed by the Court.

7.2     The Claims Administrator shall administer the mailing of the Notice and the processing of the Proof of Claim Form returned by the Claimants in a cost-effective and timely manner. To this end, after consultation with the Settling Defendant, the Claims Administrator shall establish, oversee, and manage the "Claims Office," and shall have the authority to appoint "Claims Officers" necessary to assist in carrying out the Claims Administrator's duties, as described elsewhere in this Settlement Stipulation, in as economic and effective a manner as possible. Settling Defendant will provide Plaintiffs' Counsel with the written procedures that the Claims Administrator will follow.    If the Plaintiffs' Counsel has any objection, the parties will meet and confer. If the issue cannot be resolved, the matter will be submitted to the Mediator for mediation.

7.3     The Claims Administrator shall have the power to implement reasonable procedures designed to detect and prevent payment of non-qualifying or fraudulent claims, and to otherwise assure an acceptable level of reliability and quality control in claims processing. Included within this power shall be the authority to determine whether the Claimant is or is not entitled to payment under this Settlement Stipulation and/or to, if deemed necessary, request proper documentation sufficient to verify whether the Claimant is or is not entitled to such payment. If the Settling Defendant reasonably believes that information provided on a Proof of Claim Form requires further verification or support, the Settling Defendant may direct the Claims Administrator to request supporting documentation from the Claimant who submitted the Proof of Claim Form, as a condition to making any payment, but the Settling Defendant must do so within ten (10) days of receipt of the Claims Administrator's preliminary decision and must provide a copy of the request to Plaintiffs' Counsel. Absent a timely request by the Settling Defendant, or other circumstances that the Claims Administrator deems appropriate, nothing stated herein shall require that supporting documentation be requested from any Claimant prior to approving the Proof of Claim. Within twenty (20) days of receipt of the completed Proof of Claim Form, the Claims Administrator will notify Settling Defendant and Plaintiffs' Counsel of (1) each request made for supporting documentation, and (2) the Claims Administrator's decision as to each Proof

- 7 -

of Claim Form including any Proof of Claim Form which the Claims Administrator believes does not present a Qualified Claim.

7.4     If any Party elects to object to the Claims Administrator's decision regarding a Proof of Claim Form, the Party must do so within ten (10) days of the notice of the Claims Administrator's decision, and if the Parties cannot agree regarding the Proof of Claim Form, then the Proof of Claim Form will be submitted to the Mediator for mediation. If the Parties are unable to agree in mediation, the Proof of Claim Form will be submitted to the Court for a binding determination as to whether or not the Claimant qualifies for payment.

7.5     All fees and expenses incurred in performing the duties and obligations of the Claims Administrator shall be paid by the Settling Defendant.

7.6     Neither Settling Defendant, Defendant's Counsel, nor Plaintiffs' Counsel shall be responsible for or otherwise have any liability for any of the acts or omissions of the Claims Administrator, Claims Officers, or other persons involved in the administration and/or the provision of settlement benefits.

## 8.     BENEFITS TO SETTLEMENT CLASS MEMBERS

8.1     Except as provided in Paragraph 8.3 below, those Settlement Class Members who return a properly completed Proof of Claim Form to the Claims Administrator by the deadline set forth in Paragraph 4.2 herein and which presents a Qualified Claim shall be entitled to the following benefits provided, however, that for each contract for deed, there shall be only one payment regardless of the number of purchasers or Claimants:

- Class 1 ---     17 percent of the total liquidated damages calculated in accordance with Texas Property Code §5.079 (the "Liquidated Damages") for those claims of $300,000.00 or more.
- Class 2 ---     14 percent of the total Liquidated Damages for those claims between $100,000.00 and $299,999.99.
- Class 3 ---     10 percent of the total Liquidated Damages for those claims between $25,000.00 and $99,999.99.
- Class 4 ---     5 percent of the total Liquidated Damages for those claims less than $25,000.00.

8.2     Payment to each Claimant who timely submits a properly completed Proof of Claim Form which presents a Qualified Claim shall be made, by mail, within 45 days of the receipt of the completed Proof of Claim Form by the Claims Administrator or the 45th day following the Effective Date, whichever is later provided that there is no objection to the Proof of Claim or a request by the Claims Administrator or the Settling Defendant for supporting documentation. If there is an objection or request for supporting documentation, payment shall be made within 15 days of the final resolution of any claim for which there has been an objection or request for supporting documentation which final resolution may be (1) by further determination by the Claims Administrator (in the case of a request for supporting documentation), (2) by agreement of

the Parties including an agreement reached in Mediation or (3) by the Court if there is an objection which is not resolved by agreement in Mediation.

8.3    Within 20 days of the Effective Date, Settling Defendant shall deposit with the Claims Administrator a sum sufficient to pay the aggregate amount of all of the payments to the Settlement Class Members (the "Settlement Deposit") which Settlement Deposit shall be used by the Claims Administrator to pay the Qualified Claims. All interest on Settlement Deposit, if any, shall be paid to Settling Defendant at the time any unclaimed funds are returned to Settling Defendant as provided in Paragraph 8.7 below.

8.4    In no event shall Settling Defendant be obligated to pay an amount for timely submitted qualified claims that exceeds $5,435,910.00 in the aggregate. To the extent that Settling Defendant's aggregate potential payments to all Claimants who have submitted a Qualified Claim exceed $5,435,910.00, the actual payment to each such Claimant shall be determined as follows: (a) the Claims Administrator shall determine the total amount of payments for all Qualified Claims which sum is referred to as the "Total Potential Payment"; (b) the Total Potential Payment shall be divided into $5,435,910.00, with the resulting percentage referred to as the "Aggregate Cap Percentage"; (c) the total payment to each Claimant for an approved Qualified Claim shall be reduced by multiplying that gross payment amount by the Aggregate Cap Percentage, so that the total actual payments to all Claimants with Qualified Claims does not exceed $5,435,910.00.

8.5    To the extent Settling Defendant has not already done so, Settling Defendant shall transfer to Settlement Class Members recorded legal title to the real property which is the subject of their respective contracts for deed. Settling Defendant shall do so not later than 60 days following the execution of this Stipulation of Settlement. In addition, within 60 days following the execution of this Stipulation of Settlement, to the extent Settling Defendant has not already done so, Settling Defendant shall transfer to the purchasers recorded legal title to the real property which is the subject of the 214 contracts for deed identified by Settling Defendant as having been paid in full on or after the 30th day prior to the effective date of former Texas Property Code §5.102.

8.6    Any checks for settlement payments that remain uncashed 180 days after mailing shall become void. Any Settlement Class Member who fails to claim or timely cash the check representing his, her or their settlement payment shall be deemed to have waived any entitlement to payment, but such waiver shall in no way effect the effectiveness of the release and waiver by such person herein.

8.7    The Settling Defendant shall be entitled to the return of the funds representing all uncashed checks and/or undeliverable checks, and such amount shall be delivered by the Claims Administrator to the Settling Defendant as soon as possible following the 181st day after the mailing of the last check representing a settlement payment.

9.    **FULL RELEASES**

9.1    Upon entry of the Judgment, each and every Settlement Class Members on behalf of such person, and any other Person claiming by or through such person including heirs, administrators, devisees, predecessors, successors, and representatives of any kind, and any subrogee, assignee, or insurer shall be deemed to and does hereby release and forever discharge the

Settling Defendant and all Related Persons and Entities from any and all causes of action in law or equity, claims, suits, contracts, debts, obligations, contributions, liens, indemnities, promises, demands, damages, losses, attorneys' fees, other fees, costs, expenses, loss of service, compensation, injuries or liabilities of any nature, type or description, whether known or unknown, suspected or unsuspected, patent or latent, fixed or contingent, without limitation, which directly or indirectly arise from or relate to, in whole or in part: any act, omission, event, transaction or matter that was alleged or could have been alleged in the Litigation including but not limited to any claims for any alleged violation of the Texas Property Code §§5.061 – 5.080 and any claim for breach of contract (collectively, the "Released Claims").

9.2     Plaintiffs and each Settlement Class Members, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Settling Defendant and Related Persons and Entities, regardless of whether any such person executes and delivers a Proof of Claim Form.

9.3     In addition to the foregoing, by operation of entry of the Judgment, Defendant, Plaintiffs and all Settlement Class Members expressly waive any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims and all rights, claims or benefits under Texas Property Code §§5.061 – 5.080.

9.4     Conditioned upon the entry of the Judgment and except as otherwise provided in this Settlement Stipulation, Settling Defendant hereby releases and forever discharges Plaintiffs, and Plaintiffs' Counsel from any and all claims of abuse of process, malicious prosecution or any other claims arising out of the initiation, prosecution or resolution of the Litigation, including but not limited to claims for attorneys fees, costs of suit or sanctions.

## 10.    ATTORNEYS' FEES AND COSTS/TEXAS PROPERTY CODE §5.079

10.1     Plaintiffs will seek Court approval of an award of attorney's fees, and of expenses, costs and incentive payments to the Plaintiffs in the amount of $1,300,000. Settling Defendants will not oppose nor object to that request by Plaintiffs' Counsel. Any Fee and Expense Payment in excess of the amounts set forth herein shall be deemed null and void and not enforceable as against the Settling Defendant.

10.2     Settling Defendant shall pay the Fee and Expense Payment as awarded by the Court as outlined in Paragraph 10.1 up to a maximum of $1,300,000. Plaintiffs' Counsel shall provide Settling Defendant with payment instructions.

10.3     If the Court approves the Settlement Stipulation and the Fee and Expense Payment, the Settling Defendant shall pay the lesser of $1,300,000 or the amount awarded to Plaintiffs' Counsel within thirty (30) days of the later of the Effective Date, or the date by which all Plaintiffs' Counsel have provided payment instructions and all necessary Form W-9 information.

## 11.    CONDITIONS OF SETTLEMENT, CANCELLATION, TERMINATION

11.1     The Effective Date of this Settlement Stipulation shall be conditioned upon the occurrence of all of the following events:

- 10 -

(a)     The Court shall have entered the Notice Order in the form of Exhibit "C";

(b)     The Court shall have entered the Judgment in the form of Exhibit "B";

©       The Judgment shall have become Final; and

(d)     There has been no termination by the Settling Defendant in accordance with Paragraph 5.3.

11.2    If any of the conditions specified in Paragraph 11.1 are not met, then this Settlement Stipulation shall be canceled and terminated unless Plaintiffs' Counsel and Defendants' Counsel mutually agree in writing to proceed with this Settlement Stipulation.

11.3    In the event that this Settlement Stipulation is not approved by the Court or is otherwise canceled in accordance with its terms, or the settlement set forth in this Settlement Stipulation is otherwise canceled or terminated or fails to become effective in accordance with its terms, the following provisions shall apply: (i) this Settlement Stipulation shall become null and void and shall have no further force and effect; (ii) neither this Settlement Stipulation (including any and all of its provisions and the exhibits hereto), nor any drafts hereof, nor any of the negotiations and proceedings relating hereto shall be offered, received in evidence or otherwise used in the Litigation or in any other action or proceedings for any purpose, or shall prejudice the rights of any of the Parties hereto; (iii) the Parties shall be restored to their respective positions immediately prior to the execution of this Settlement Stipulation; and (iv) the Parties shall stipulate to decertify any settlement class that had been certified pursuant to this Settlement Stipulation.

11.4    In the event that following the Class Notice Date this Settlement Stipulation is not approved by the Court or is otherwise canceled in accordance with its terms, or the settlement set forth in the Settlement Stipulation is otherwise canceled or terminated or fails to become effective in accordance with its terms, the Claims Administrator shall notify all persons to whom the Class Notice has been sent that the Settlement Stipulation and settlement set forth therein and described in the Class Notice are null and void and of no further force and effect.

## 12.    DISPUTE RESOLUTION PROCEDURE

12.1    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Stipulation, including the alterations of any deadlines set forth herein by the Court, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Stipulation.  Disputes concerning the matters identified in Paragraphs 7.1, 7.2 and 7.4 shall be submitted to the Mediator for mediation under the following dispute resolution procedure:

(a)     The parties to the dispute shall negotiate informally but in good faith to seek an informal resolution of the dispute.

(b)     If the parties to the dispute are unable to reach an informal resolution, they shall submit the dispute to the Mediator.  The Mediator shall thereafter schedule a conference call or meeting, as soon as is practicable, between the parties to the dispute.  The Mediator shall attempt to reach a resolution of the dispute that is consistent with the

- 11 -

purposes of this Settlement Stipulation. If the mediation is unsuccessful and either Party proceeds under Subsection (c) of this Section, the Mediator will only advise the Court that a resolution could not be reached in Mediation.

(c)     In the event the parties to the dispute are unable to resolve the dispute through mediation, any party to the dispute may seek to have the dispute reviewed by the Court under the Court's noticed motion procedures and any order entered by the Court in regards to such dispute shall be binding on all parties.

## 13.   EXCLUSIVE REMEDY, DISMISSAL OF ACTION; JURISDICTION OF COURT

13.1   Except as otherwise provided herein, this Settlement Stipulation shall be the sole and exclusive remedy for any and all released claims against the Settling Defendant or Related Person or Entity. Once the Judgment is Final, each Person who was sent the Class Notice but who did not timely request exclusion from the Settlement Class shall be barred and enjoined from initiating, asserting, or prosecuting any released claim against the Settling Defendant or Related Person or Entity.

13.2   The Final Approval Order and Judgment shall dismiss all claims in the Litigation against the Settling Defendant, with prejudice, on the condition that the Court shall retain exclusive and continuing jurisdiction of the Litigation, all Parties, and the Persons bound by the Judgment, to interpret and enforce the Settlement Stipulation's terms, conditions, and obligations.

## 14.   COVENANT NOT TO SUE

14.1   Except for proceedings to enforce the terms of this Settlement Stipulation, the Plaintiffs covenant and agree that at no time after the date of their respective executions of this Settlement Stipulation will they file or  maintain or cause or knowingly permit the filing or maintenance of, in any state, federal or foreign court, or before any local, state, federal or foreign administrative agency, or any other tribunal, any claim, cause of action, charge, or action of any kind, nature or character whatsoever, known or unknown, which they may now have, or have ever had, or which they may later discover, against Settling Defendant or any Related Persons and Entities that arises from or relates to the released claims.

14.2   This Settlement Stipulation shall constitute a full and complete defense to, and may be used as a basis for, a permanent injunction against such any action, suit, or other proceeding which may be instituted, prosecuted, or attempted in breach of this Settlement Stipulation.

## 15.   NO ADMISSION OF LIABILITY

The Parties agree that this Settlement Stipulation is intended to compromise disputed claims and that this Settlement Stipulation is entered into for settlement purposes only. Neither the fact of, nor any statement or provision contained in this Settlement Stipulation, its attachments, the papers filed in connection with the preliminary or final approval of this Settlement Stipulation, nor any action taken hereunder shall constitute, be construed as, or be admissible as, any admission or concession with respect to any claim or allegation of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Settling Defendant, alleged in the Complaint, or otherwise. By agreeing to this settlement, the Settling Defendant does not concede or agree that this Litigation

- 12 -

could be properly maintained as a litigation class action through trial and Settling Defendant reserves all rights to oppose certification of a litigation class if this settlement is not approved or the Settlement Stipulation is otherwise rescinded or terminated. Nothing stated in this section, however, shall preclude any Party from seeking to introduce the terms of this Settlement Stipulation in any proceeding to enforce the Settlement Stipulation.

## 16.   OWNERSHIP AND NON-ASSIGNMENT OF CLAIMS

On behalf of themselves and the Settlement Class, the Plaintiffs represent and warrant that they are the sole and lawful owners of all right, title and interest in and to every Released Claim and other matter which they purport to settle or release in this Settlement Stipulation, including but not limited to all released claims currently asserted in or related to the subject matter of the Litigation, and further represent and warrant that they have not assigned or transferred, or purported to assign or transfer, any such Released Claim or other matter to any Person or entity.

## 17.   RELIANCE BY PARTIES ON THEIR OWN ATTORNEYS, EXPERTS AND CONSULTANTS IN ENTERING INTO THIS STIPULATION

17.1    The Parties have selected and retained their own attorneys, experts and consultants to inspect, analyze and advise them regarding (a) the nature and extent, and cause of the Released Claims, and (b) whether to enter into this Settlement Stipulation.

17.2    The Parties acknowledge and represent that they have had the benefit and advice of legal counsel in evaluating, finalizing, and executing this Settlement Stipulation. All the terms and provisions of this Settlement Stipulation have been explained to each of the Parties by their legal counsel and the Settlement Class Members understand and accept all said terms and provisions. The Parties further warrant that they have entered into this Settlement Stipulation based on their own understanding of the merits of the Litigation, as well as in reliance on the statements, representations, opinions, conclusions, recommendations, estimates and reports of their own attorneys, consultants and experts.

## 18.   PRESS RELEASE

18.1    The Parties have agreed that there shall be no press release by either Party in or about the Litigation, and the Parties shall not initiate any direct contact with the media regarding the Litigation or this Settlement Stipulation. In responding to any inquiries of the media, counsel for the Parties shall respond in a manner which is consistent with this Settlement Stipulation.

## 19.   RIGHT TO RESCIND

If the Court makes any material change to this Settlement Stipulation (or any exhibit to this Stipulation), or refuses to dismiss the Litigation in total, the Parties may rescind this Settlement Stipulation. For purposes of this paragraph, the Parties agree that, without limitation, any change to the following shall be deemed to be "material": the form of the Class Notice (Exhibit "A"), the manner in which the Class Notice is provided (Paragraph 4), the percentage of opt-outs that triggers the Settling Defendant's right of rescission (Paragraph 5.3), the form of the Proof of Claim Form (Paragraph 4.2), the benefits provided to Settlement Class Members (Paragraphs 8.1, 8.2, 8.3) and the scope of the release (Paragraph 9).

- 13 -

20.  **INTERPRETATION OF STIPULATION**

This Settlement Stipulation is the product of negotiation and preparation by and among Plaintiffs and Settling Defendant and their respective attorneys.  Neither this Settlement Stipulation nor any provision thereof shall be deemed prepared or drafted by one party or another, or its attorneys, and shall not be construed more strongly against any party.

21.  **MISCELLANEOUS PROVISIONS**

21.1  The Parties (i) acknowledge that it is their intent to consummate this Settlement Stipulation and (ii) agree to cooperate to the extent necessary to effect and implement all terms and conditions of this Settlement Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement Stipulation.  Each Party shall use its respective best efforts to cause the conditions to the obligations of each Party herein to be satisfied, to the extent that the satisfaction is within the control of such Party.  Nothing in this section shall be considered a limitation on the covenants and obligations of the Parties set forth elsewhere in this Settlement Stipulation.

21.2  All of the exhibits to this Settlement Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

21.3  This Settlement Stipulation and the exhibits attached hereto constitute the entire Stipulation among the Parties hereto.  No representations, warranties or inducements have been made to any Party concerning this Settlement Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents, except as expressly herein provided.  Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.  This is a fully integrated Settlement Stipulation and may be amended or modified only by a written instrument signed by or on behalf of all Parties or their successors-in-interest.

21.4  This Settlement Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Counsel for the Parties to this Settlement Stipulation shall exchange among themselves original signed counterparts and a complete set of original executed counterparts shall be filed with the Court.

21.5  This Settlement Stipulation and the exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Texas, and the rights and obligations of the Parties to this Settlement Stipulation shall be construed and enforced in accordance with the laws of the State of Texas, without giving effect to its choice of law principles.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Stipulation to be executed, by their duly authorized attorneys, this __5__ day of _AUGUST_, 2005.

<u>PLAINTIFFS:</u>

DATE: 8-8-05 , 2005                    _Raul Cerda_____
                                       RAUL CERDA

DATE: 8-8-05 , 2005                    _Maria G Cerda_____
                                       MARIA G. CERDA

<u>SETTLING DEFENDANT:</u>

DATE:  8/5 , 2005                      ASSOCIATES FIRST CAPITAL
                                       CORPORATION

                                       _David West_____
                                       By: DAVID WINSTON, VICE PRESIDENT

<u>APPROVED AS TO FORM:</u>

<u>PLAINTIFFS' COUNSEL:</u>

DATE: 8-8 , 2005                       _Dalinda Garcia_____
                                       Dalinda B. Garcia
                                       **LAW OFFICE OF DALINDA B. GARCIA**
                                       A Professional Corporation

- 15 -

709 E. Esperanza, Suite J
McAllen, Texas 78501

DATE: _8 - 8_, 2005

*J. Mitchell Clark with permission by D. Dorsin*
J. Mitchell Clark
**Law Offices of J. Mitchell Clark**
1800 Frost Bank Plaza
802 North Carancahua
Corpus Christi, Texas  78470-0700

DATE: _8 - 8_, 2005

*Michael S. Lee with permission by D. Dorsin*
Michael S. Lee
**THE LEE FIRM**
**A Professional Corporation**
615 N. Upper Broadway, Suite 708
Corpus Christi, Texas 78477

- 16 -

<u>SETTLING DEFENDANTS'COUNSEL:</u>

DATE: _8 / 8_____, 2005

Mike Mills
**ATLAS & HALL L.L.P.**
P. O. Box 3725
McAllen, Texas 78502

DATE: _August 5_, 2005

Brian T. Morris
**WINSTEAD SECHREST & MINICK P.C.**
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 785201

# EXHIBIT B

## IMPORTANT REMINDER

Date:

To:

Re:     Class Action Settlement/Cerda v. Associates First Capital

Dear:

  As a reminder, you have been previously identified as a person who may be entitled to receive monies from a class action settlement.  As of the date of this letter, the Settlement Administrator's records show you have not returned a proof of claim form that is needed to determine whether you are entitled to receive any money.

  The sum of money that you may be entitled to is $_____.  In order to determine whether you are entitled to receive this money, you must fill out, sign and timely return the proof of claim form attached to this letter to the Settlement Administrator.  A self-addressed stamped envelope is enclosed.

  The completed proof of claim form must be postmarked by _____, 2007.  If the proof of claim form is postmarked after that date, you will not be entitled to receive any money even if the proof of claim form otherwise qualifies you to receive a payment.

  You will receive no further notices with respect to the class action settlement.

  If you have any questions, please call the Settlement Administrator at 1-(800)-952-3761, Plaintiffs' Counsel Dalinda Garcia at (956) 682-3777, or Mitchell Clark at (361) 887-8500 and ask for Cerda v. Associates First Capital Corp Class Action.